## Swift Coal & Timber Company v. Board of Supervisors of Letcher County.

### Kentucky Ridge Corporation v. Same.

(Decided March 6, 1928.)

## Appeals from Letcher Circuit Court.

1. Taxation.—Practical equality in assessments is all that taxpayer can demand, since absolute equality in matters of taxation is unattainable.

2. Taxation.—Where fiscal court, for assessment purposes, employed commission which laid off county into about 30 zones according to quality of coal, thickness of vein, and percentage of coal land, in each zone, and then fixed average value per acre of land in each zone, mode of assessment was fair and assessment was as equal and uniform as could reasonably be expected, even though value of objecting taxpayers' land in each of zones was below average.

3. Taxation.—Where commission appointed by fiscal court divided county into zones according to quality of coal, thickness of vein, and percentage of coal land, and fixed assessable value per acre of land in each zone, complaining taxpayers claiming that value of their land was below average in zone were not assessed 100 per cent. while other property was assessed at 70 per cent. of value,

since valuation fixed by commission was not selling value of land, but assessable value considering how other land in county was assessed.

4. Taxation.—That deeds showing sales of several small tracts showed that land was assessed more than 70 per cent. of its salable value did not show that complaining taxpayers' coal lands were assessed at more than 70 per cent. of their salable value, where it did not appear that land so sold was fairly representative of other land in section.

5. Evidence.—It is well known that coal land is bought up in large tracts and that owners of small tracts lying between can only sell to large owners, and frequently do sell at low prices.

6. Taxation.—Error in assessing same property twice could be correected in Supreme Court on appeal from circuit court decision sustaining board of supervisors on appeal from quarterly court, although such error might have been corrected on motion in county court.

R. MONROE FIELDS for appellants.

FRANK E. DAUGHERTY, Attorney General, and HARRY L. MOORE, County Attorney, for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming in part and reversing in part.

The board of supervisors of Letcher county made an assessment upon the property of the Swift Coal & Timber Company and the Kentucky Ridge Corporation, somewhat lower than the assessment made by the county tax commissioner for the year 1926. Each of the companies appealed to the quarterly court, and, the quarterly court refusing them any relief, appealed to the circuit court. The circuit court sustained the board of supervisors, and from this judgment they appeal to this court.

The cases were heard on the same evidence and will be disposed of in one opinion as the facts are practically similar. The complaint is that the property is assessed too high and at more than the property of other taxpayers. The facts are these:

Letcher county has a large amount of coal in it and for some years there has been litigation over the assessment of coal property in the county. To get at a fair assessment the fiscal court employed as a commission three eminent civil engineers, one of them being the representative of the Swift Coal & Timber Company. This commission laid off the county into about 30 zones according to the quality of the coal, the thickness of the vein, and the percentage of coal land in each zone, and then fixed a

value per acre for each zone. A large part of the land in controversy here is in zones O, P, Q, R, and S. The average of the land in each of these zones, per acre, was put as follows: O, $5; P, $10; Q, $6; R, $15; S, $15. These sums were not fixed as the value of the coal land in each zone, but as the average value per acre of the land in each zone. Putting his testimony in narrative form, one of the commissioners testified as follows:

> "We tried and, I think, we did succeed in dividing the county into sections so that coal that is in a section is under the conditions, for taxation purposes, of equal value. We drew the lines having the coal as near as it could be obtained of equal thickness in each section. We tried our best and, I think, did determine the percentage of the territory that had the coal that was of the thickness we marked on the map."

There is no contrary evidence, and it is clear from the whole record that the valuation per acre fixed by the commissioners was the valuation of the land in the zone. Appellants introduced proof showing that they had surveyed their land, and that surveying the outcrop of the coal they did not have in their tracts as much coal as the commissioners marked on the map as the average of that section. But the difference in most cases is not very large and in fact two surveyors might reach different results, for men frequently differ as to where the coal under a tract gives out. In addition to this, the board had nothing to go by but the report of the commissioners. If they had made an assessment of appellants' land according to the surveys which appellants had made, they would have had no way of telling how much coal was under the remainder of the land in these zones. They could not consistently make an assessment of the land, some on one basis and some on another. The report of the commissioners, which nobody had complained of, was the best evidence which they had. Absolute equality in matters of taxation is unattainable. Exactitude is not to be expected in tax matters. Experience has conclusively shown that practical equality is all that can be reached in such matters. Ray v. Armstrong, 140 Ky. 800, 131 S. W. 1039; Eminence Distillery Co. v. Henry County Board of Supervisors et al., 178 Ky. 811, 200 S. W. 347; Letcher County Fiscal Court v. State Tax Commission, 211 Ky. 609, 277 S. W. 988.

While the assessment may not be exactly right, and it may be true that appellants' land in each of these zones is below the average, yet as a matter of fact the mode of assessment was as fair as could be reasonably devised and was as equal and uniform as could reasonably be expected.

Appellants also contend that other taxpayers were assessed 70 per cent. of the value of their property while they were assessed at 100 per cent. But the valuation of the land in each zone as fixed by the commission and set down on the maps was not the selling value of the land, but the assessable value considering how other land in the county was assessed. The purpose of the proceeding was to arrive at the assessable value, and the figures were put on the maps to show the assessable value.

Appellants also contend that, as shown by the copies of deeds made within 12 months, the land was assessed more than 70 per cent. of its salable value, but these deeds were not very numerous, and to be of any force and effect in a case like this it should appear that the land so sold was fairly representative of the other land in the section. This does not appear, and it is well known that coal land is bought up in large tracts and that owners of small tracts lying between can only sell to a large owner and frequently do sell at small prices. Most of the sales shown here were of small tracts.

On the whole case, this court finds that the assessment was properly made and that no constitutional provision was violated.

There were, however, some clerical errors made in the assessment of the property of the Swift Coal & Timber Company. Appellant did not own one tract of 569 acres assessed at $7,397; another tract of 1,098 acres was assessed twice at $6 an acre, making an error of $6,588; another tract of 266 acres was assessed at $15 an acre when it should have been assessed at $6 per acre, making a difference of $9 per acre, or $2,394. These sums foot up $16,374, which should be subtracted from the total assessment of the Swift Coal & Timber Company.

An error in assessing the same property twice might have been corrected on motion in the county court, but as the case is here and it is important that the litigation should be ended, the court concludes that all the corrections should be made now.

The judgment as to the Kentucky Ridge Corporation is affirmed. The judgment as to the Swift Coal & Timber Company is reversed, with directions to enter a judgment as above indicated.